IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. G-10-02 (01) |
| | § | |
| JEFFREY WAYNE CROSS, JR. | § | |

## ORDER OF DETENTION PENDING TRIAL

On May 20, 2010, this Court conducted a Hearing on the Government's Motion to Detain **Jeffrey Wayne Cross, Jr.**, a named Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by court-appointed counsel and announced ready. The Government offered the testimony of Eric Leland, an Officer with the League City Police Department assigned to the Drug Enforcement Administration Task Force; the Defendant offered no evidence. The Court also made the Pretrial Services report, which recommended a $100,000.00 Bond, be a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Jeffrey Wayne Cross, Jr.** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. § 841, see also United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Cross'** detention, 18 U.S.C. § 3142(e);

3.  That the black-tar heroin drug trafficking offenses charged by the Indictment were part of a substantial and continual criminal venture which involved **Cross** purchasing heroin approximately two times per week and personally using heroin in an amount of 2 grams every other day;

4.  That the strength of the Government's case is substantial given the presence of a reliable cooperating informant at **Cross**' purchase of heroin on March 28, 2009, which forms the basis of Count 2 of the instant Indictment;

5.  That **Cross** appears to be a member of the Tango Blast street gang, which has a history of violence and drug trafficking, since **Cross** has the gang's tattoo on his body and has been photographed in possession of handguns;

6.  That **Cross** continued to be involved in heroin trafficking and use despite being on bond for a state felony drug offense involving heroin;

7.  That **Cross**' history of drug trafficking activity and drug usage fairly predicts a continuation of such activities if he were to be released, <u>United States v. Salerno</u>, 481 U.S. 739 (1987);

8.  That by virtue of the foregoing findings, **Cross** would constitute a danger to the community if released;

9.  That **Cross** has failed to rebut the presumption created by 18 U.S.C. § 3142(e);

10. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Cross** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Jeffrey Wayne Cross, Jr.** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Jeffrey Wayne Cross, Jr. SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Jeffrey Wayne Cross, Jr.** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Houston, Texas, this _____24th_____ day of May, 2010.

_____
John R. Froeschner
United States Magistrate Judge